UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YITZCHOK GOLDBERG & DEVORAH KATZ-GOLDBERG,<br><br>Plaintiffs,<br><br>-against-<br><br>ASPEN AMERICAN INSURANCE COMPANY,<br><br>Defendant. | CIVIL ACTION NO.:<br><br>**COMPLAINT** |

## CIVIL ACTION COMPLAINT

Plaintiffs, Yitzchok Goldberg and Devorah Katz-Goldberg, by and through their attorneys, file this Civil Action Complaint against Defendant, ASPEN AMERICAN INSURANCE COMPANY (hereinafter "Defendant"), and state as follows:

### INTRODUCTION

1. This is an action by the Plaintiffs against their insurance carrier ASPEN AMERICAN INSURANCE COMPANY, for benefits owed under their policy, which have not been fully paid, as a result of Superstorm Sandy.

2. Plaintiffs Yitzchok Goldberg and Devorah Katz-Goldberg purchased a homeowner's insurance policy from Defendant, and it consequently issued Policy No. BNY0017449-001 to the Plaintiffs (the "Policy") for a property owned by the Plaintiffss located at 1642 Carroll Street, Brooklyn, New York 11213 (the "Property").

3. On or about May 2, 2014, a retaining wall collapsed causing widespread damage to the Property.

4. The retaining wall collapse resulted in substantial damage to the Property.

5. Following said collapse, Plaintiffs properly and promptly submitted insurance claim to Defendant for losses and damages to the Property caused by collapse.

6. Plaintiffs asked that Defendant cover the loss to the Property as a result of the collapse damage pursuant to the policy.

7. Defendant failed to fully pay the damages due and owing under the insurance policy.

## JURY TRIAL DEMAND

8. Plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

## PARTIES

9. Plaintiffs, Yitzchok Goldberg and Devorah Katz-Goldberg (hereinafter "Plaintiffs"), at all times material hereto, is a resident under the laws of the state of New York with their principal place of residence located at 1642 Carroll Street, Brooklyn, New York 11213 (the "Property").

10. At all times material hereto, Defendant is a corporation and insurance company authorized to do business in the State of New York.

11. The state of incorporation of the Defendant, ASPEN AMERICAN INSURANCE COMPANY, is Connecticut.

12. The principal place of business and statutory home office of ASPEN AMERICAN INSURANCE COMPANY is 175 Capital Boulevard, Suite 300, Rocky Hill, CT 06067.

## JURISDICTION

13. This court has Jurisdiction over this action on the basis of diversity of citizenship of the parties under 28 U.S.C. §1441(b) as none of the parties in interest properly joined and served as defendant(s) are a citizen of the State in which such action is brought.

14. Plaintiffs seek damages in excess of $75,000, exclusive of interests and costs, in this matter.

15. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. §1332 because there is complete diversity in the matter and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

16. The Court also has personal jurisdiction over Defendant because Defendant issued or subscribed an insurance contract covering commercial property and risks located in New York State and this suit arises out of those insurance contracts and concerns New York property and risks; at all relevant times, Defendant has been licensed to transact insurance business in New York and/or has in fact transacted such business in New York; Defendant has maintained a substantial presence in New York and/or Defendant contractually consented to the jurisdiction of this Court.

## VENUE

17. Venue is proper in this Court pursuant to Title 28, U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this action occurred in this judicial district, and the property that is the subject of this action is situated in this judicial district.

## COUNT ONE – BREACH OF CONTRACT

18. Plaintiffs, at all relevant times, have been the owners of the property located at 1642 Carroll Street, Brooklyn, New York 11213.

19. Defendant at all times herein mentioned, was and still is a Corporation created under the laws of the State of Connecticut and licensed to do business in the State of New York.

20. Defendant issued a homeowner's policy of insurance to Plaintiffs, underwritten by Defendant under Policy BNY0017449-001. This policy insured the property owned by Plaintiffs and located at 1642 Carroll Street, Brooklyn, New York 11213.

21. Said policy was sold by Defendant to the Plaintiffs, all premiums on the Policy were paid; and the Policy was in full force and effect at all relevant times herein.

22. On or about May 2, 2014, a retaining wall at the back of Plaintiffs' Property collapsed causing widespread damage to the Property (the "Loss").

23. Following the Loss, Plaintiffs properly and promptly submitted a claim to Defendant for losses and damages to the property caused by collapse.

24. Plaintiffs asked that Defendant cover the Loss to the Property as a result of sustained damage pursuant to the policy.

25. Defendant assigned claim number GPSD27061401.

26. Defendant assigned an adjuster to inspect the Plaintiffs' Property.

27. To this date, Defendant has neither issued payment for damages nor given a written denial of Plaintiffs' claim.

28. Plaintiffs have complied with all policy provisions and has cooperated fully with the investigation of this claim.

29. Defendant, by and through its agents and adjusters has breached the terms of the Policy by failing to pay all amounts due to the Plaintiffs pursuant to the terms of the Policy, in that Defendant did not adequately investigate the entire scope of damages and did not properly determine the correct value of the damages.

30. Plaintiffs provided Defendant with all information necessary to properly evaluate the claim and pay adequate benefits to the insured.

31. Defendant disregarded the information provided by the Plaintiffs and continued to rely on the incorrect and flawed opinions of its adjusters and engineers as a basis to deny the claim.

32. Because Defendant and/or its agents underpaid Plaintiffs on Plaintiffs' insurance claim, Plaintiffs have not been able to properly and completely repair the damages to its Property. This has caused additional, further damage to Plaintiffs.

33. Defendant and/or its agents, failed to properly adjust the claims and Defendant has denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for business income and property damage losses such as those suffered by Plaintiffs.

34. These false representations allowed Defendant to financially gain by wrongfully denying at least a portion of Plaintiffs' claim.

35. To date, Plaintiffs have not been paid for the covered damage sustained to its Property.

36. Despite Plaintiffs' compliance with all policy provisions, Defendant refuses to fairly adjust the claims for damage.

37. All conditions precedent to recovery have been performed, waived or have occurred.

38. Defendant failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendant failed and refused to pay sufficient amounts under the Policy, although due demand was made for proceeds to be paid in

an amount sufficient to cover the damaged Property and all conditions precedent to recovery under the Policy had been carried out and accomplished by Plaintiffs. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

39. Defendant misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.

40. Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy.

41. Defendant refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property.

42. Defendant refused to fully compensate Plaintiffs, without first causing Plaintiffs to institute legal action and/or the threat of legal action against it.

43. Defendant failed to meet its obligations under the New York Insurance Code regarding initiating a reasonable investigation of Plaintiffs' claim, paying all monies owed without forcing Plaintiffs to commence legal proceedings and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated deadline.

44. Defendant failed to meet its obligations under the New York Insurance Code regarding payment of claim without delay. Specifically, Defendant has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received any payment for its claim.

45. From and after the time Plaintiffs' claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably

clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.

46. As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorneys and law firm who are representing Plaintiffs with respect to these causes of action.

47. As a result of this breach of contract, Plaintiffs has suffered damages by failing to have the funds needed to repair the Property and further damages described herein.

48. Further as a result of Defendant's breaches of its obligations under the Policy by its deliberate, negligent and, unreasonable delay in paying Plaintiffs' claims, failure to properly investigate the loss, refusal to properly compensate the Plaintiffs for the fair value of the claim, misrepresentation of the scope of the damages and improper denial of the claim, Plaintiffs have suffered consequential damages arising from their inability to repair the damages it incurred during the Loss.

49. Accordingly Plaintiffs are entitled to an award against Defendant of compensatory, direct and consequential damages in such amounts as established by evidence as well as pre and post judgment interest, costs and such further relief as may be just.

WHEREFORE, judgment is demanded in favor of Plaintiffs, Yitzchok Goldberg and Devorah Katz-Goldberg and against Defendant, ASPEN AMERICAN INSURANCE COMPANY for:

    a. Compensatory damages in an amount to be proven at trial;

    b. Consequential damages;

    c. Interest;

      d.      Attorney fees; and

      e.      Such other relief as the Court deems just equitable.

WHEREFORE, Plaintiffs, Yitzchok Goldberg and Devorah Katz-Goldberg, demand judgment against the Defendant, ASPEN AMERICAN INSURANCE COMPANY, in a sum that fully compensates the Plaintiffs for their damages in excess of the lower Courts, together with the costs of disbursements of this action.

Dated:  New York City, New York

April 28, 2016                    MERLIN LAW GROUP

                                    By:    /s/ Javier Delgado
                                              Javier Delgado, Esquire
                                              New York Bar No.: 5127998
                                              jdelgado@merlinlawgroup.com
                                              Jason M. Cieri, Esquire
                                              New York Bar No.: 5242938
                                              jcieri@merlinlawgroup.com
                                              100 Park Avenue, 16th Floor
                                              New York, NY  10017
                                              Ph: (212) 351-5017
                                              Fax: (212) 880-6499